UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

       Plaintiff,                                         Crim. No. 05-208-HA

       v.                                                 ORDER

CARLOS FORNES-ESPINOZA,

       Defendant.

HAGGERTY, Chief Judge:

After a full trial, a jury returned the Verdict in this action finding defendant Carlos Fornes-Espinoza (defendant) guilty of assaulting an officer in violation of 18 U.S.C. § 111. Defendant moves for a new trial [46], arguing that certain instructions given to the jury during its deliberations were erroneous. The court has considered the parties' arguments, their supporting authority and has reviewed the record in its entirety. For the reasons below, defendant's Motion for New Trial is denied.

ORDER - 1

Rule 33 of the Federal Rules of Criminal Procedure allows a trial court, in its discretion, to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a); see also *United States v. Ross*, 372 F.3d 1097, 1105 (9th Cir. 2005). Any motion for new trial based on any reason other than newly discovered evidence must be filed within seven days after the verdict or finding of guilty, or within such further time as the court sets within the seven-day period. Fed. R. Crim. P. 33(b)(2). Defendant's motion was timely.

## ANALYSIS

In it Final Instructions, the court instructed the jury that the government bore the burden of proving each element of the 18 U.S.C. § 111 charge beyond a reasonable doubt. As to the charge's first element, the court instructed the jury that the government had to prove that the defendant "intentionally and forcibly assaulted [a correctional officer at a correctional facility]".

During its deliberations, the jury forwarded a note to the court seeking clarification of the word "intentionally" as used in the instruction regarding the charge's first element. Defense counsel requested that the court instruct the jury that the term "intentional" meant the "deliberate act or lack of mistake," citing *United States v. Cain*, 130 F.3d 381 (9th Cir. 1997). The government requested the court to instruct the jury that, in order to prove an assault pursuant to § 111, the government had to prove "an intent to assault, not an intent to assault a federal officer." The court gave both of these requested instructions to the jury, over defense counsel's objection.

The defendant moves for a new trial pursuant to Fed. R. Crim. P. 33(b)(2) based on the holding in *United States v. Montoya*, 739 F.2d 1437 (9th Cir. 1994). In *Montoya*, the defendant struck a forest ranger with his crutch. The defendant claimed that he did not intend to strike the forest ranger, but rather intended to knock a beer can out of the hand of a companion who had

taken it from the defendant. The Ninth Circuit reversed the jury conviction because the trial court presented a "transferred intent" jury instruction to the jury. In pertinent part, the jury instruction read:

> If defendant intended to assault another person with intent to do bodily harm, but he harms a third person whom he did not intend to harm, the law considers the defendant just as guilty as if he had actually harmed the intended victim.

739 F.2d at 1437.

The Ninth Circuit reasoned that the doctrine of transferred intent was inapplicable to assault charges brought under 18 U.S.C. § 111 because Congress intended to punish assaults against federal officers with greater severity than other assaults. *Id.* at 1438. Specifically, the court stated that if the transferred intent doctrine applied to § 111, "an assault not intentionally directed at a federal officer would become subject to the augmented penalties of § 111 merely because the blow happened by chance to strike a federal officer." *Id.*

In reaching its decision, the *Montoya* court distinguished the holding in *United States v. Feola*, 420 U.S. 671 (1975). The *Feola* Court held that a defendant who assaulted an undercover agent violates § 111 even where the defendant did not know that the intended victim was a federal officer. 420 U.S. at 671. In *Montoya,* the Ninth Circuit held that because the transferred intent jury instruction permitted the jury to find defendant Montoya guilty of violating 18 U.S.C. § 111, even if he did not intend to strike the ranger, the jury verdict must be reversed.

Defendant's Motion for a New Trial asserts that the government's instruction regarding intent is tantamount to the flawed transferred intent instruction given in the *Montoya* case. This court, however, finds that the government's instruction was permissible in light of the ruling in *Feola*. The *Feola* court held that as long as a defendant intended to strike the person who was

actually assaulted, the defendant's lack of knowledge as to that individual's identity is immaterial. If the assaulted individual is a federal agent, the defendant may be found guilty of assaulting a federal officer.

The government's instruction did not articulate a theory of transferred intent, as was the case with the flawed instruction in *Montoya*. The court also submitted the defendant's proposed instruction and explained that "intentional meant a deliberate act or lack of mistake." This instruction resolved any potential confusion arising from the jury's inquiry regarding the meaning of the term "intentionally."

Moreover, this court recognizes that the jury could have found the defendant guilty because it rejected the defendant's testimony that he intended to kick another inmate instead of the federal officer. Accordingly, defendant's reliance upon the *Montoya* decision is without merit.

**CONCLUSION**

For the foregoing reasons, defendant's Motion for New Trial [46] is DENIED.

IT IS SO ORDERED.

Dated this  24  day of February, 2006.

                                                /s/Ancer L.Haggerty
                                                      Ancer L. Haggerty
                                               United States District Judge